IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESTCOTT HOLDINGS, INC. f/k/a | § | |
| SPECIALTY PIPING COMPONENTS, | § | |
| INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1945 |
| | § | |
| MONITOR LIABILITY MANAGERS, | § | |
| INC. and CAROLINA CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Westcott Holding, Inc. (Westcott), filed in Texas state court these action alleging breaches of an insurance contract, bad faith, unfair settlement practices, deceptive trade practices, and failure to promptly pay claims against defendants, Monitor Liability Managers, Inc. and Carolina Casualty Insurance Company.  Defendants removed the action to this court asserting diversity jurisdiction under 28 U.S.C. § 1332.[1]  Pending before the court are Defendants' Motion to Dismiss (Docket Entry No. 8), Plaintiff's Response (Docket Entry No. 9), and Defendants' Reply to Plaintiff's Response (Docket Entry No. 10).  For the reasons explained below, Defendants' Motion to Dismiss will be granted.

---

[1]See Defendants' Notice of Removal, Docket Entry No. 1, and Plaintiff's Original Petition, Exhibit A attached thereto.

## I.  **Factual Allegations**

Plaintiff alleges that it purchased a Directors' and Officers' and Corporate Liability Insurance Policy (Policy) from Carolina Casualty Insurance Company (Carolina Casualty) covering qualifying claims made from March 15, 2003, to March 15, 2008.  The Policy included coverage for costs of defending lawsuits filed against plaintiff's directors and officers, as well as the directors and officers of plaintiff's subsidiaries.[2]  The Policy provided coverage to plaintiff for "wrongful acts" by plaintiff's directors and officers to the extent that plaintiff indemnified its directors and officers.  On March 17, 2003, Neches River Holdings (Neches), formerly known as Texas Metal Works, Inc. (TMC), along with two of its officers were sued by Foroni Metals of Texas (Foroni).  The allegations against the defendants in that suit fell within the Policy's definition of wrongful acts.  Plaintiff notified Carolina Casualty of the suit on or about April 16, 2003, within the Policy's mandated 90-day notification period.  The Foroni lawsuit was later non-suited.  Plaintiff alleges that it incurred $60,000.00 in defending the Foroni litigation, which defendants refused to pay.

On May 29, 2003, Baker Hughes Oilfield Operations, Inc. (Baker Hughes) brought suit against plaintiff, its subsidiary TMC, and

---

[2]Defendants' Motion to Dismiss, Docket Entry No. 8, Exhibit 1, Insuring Clause III(Q) (also attached to Plaintiff's Original Petition).

TMC's directors and officers.  Baker Hughes alleged wrongful acts by TMC's officers and directors that were covered by the policy. Plaintiff notified Carolina Casualty of the lawsuit within the Policy's required notification period.  The Baker Hughes lawsuit ended with a settlement of all claims for $75,000.  Plaintiff incurred costs totaling over $240,000 in defending against the Baker Hughes lawsuit, which defendants have refused to pay.

Plaintiff filed this action in state district court asserting various claims based on the defendants' failure to pay plaintiff for costs associated with defending these two lawsuits.[3] Defendants timely removed the action to this court.[4]

## II.  Standard of Review

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.  "[A]

---

[3]Plaintiff's Original Petition, Exhibit A attached to Docket Entry No. 1, pp. 3-4.

[4]Notice of Removal, Docket Entry No. 1.

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002) (quoting Hishon v. King & Spalding, 104 S.Ct. 2229, 2232 (1984)).

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Id. at 997 (quoting Scheuer v. Rhodes, 94 S.Ct. 1683, 1686 (1974)). See also Conley v. Gibson, 78 S.Ct. 99, 102 (1957) ("[A] complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

However, a party seeking to avoid dismissal "must plead specific facts, not mere conclusory allegations." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).  Complaints "'must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (2d ed. 1990)).  While dismissal of a claim under Rule 12(b)(6) is

generally disfavored, the court should exercise its power to dismiss a complaint if it lacks an allegation regarding an element required to obtain relief. <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995) (citations omitted).

While federal law establishes the standards for 12(b)(6) dismissal, in a diversity case this court looks to Texas law and its choice of law principles in determining what state's law applies. <u>Erie Railroad Co. v. Tompkins</u>, 58 S.Ct. 817 (1938); <u>General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, Ltd.</u>, 288 F.3d 651, 653 (5th Cir. 2002). Texas applies its own law to any contract of insurance payable to any citizen of Texas by an insurance company doing business within Texas. Tex. Ins. Code Ann. § 21.42. Texas law governs whether the plaintiff has stated a cognizable cause of action.

### III.  Defendants' Motion to Dismiss

Defendants argue that plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Specifically, defendants argue that this action should be dismissed because of plaintiff's failure to allege any actual loss under the policy, Carolina Casualty's payment of $75,000 to plaintiff, the non-existence of a bad faith cause of action in the third-party insurance context under Texas law, and plaintiff's failure to make a pretrial demand as required by the Texas Insurance Code.

## A.    Failure to Allege Loss

Defendants assert that plaintiff's petition failed to plead that it indemnified its officers and directors.[5]    Plaintiff responds that the formal grant of indemnification is unnecessary because it is merely a condition precedent to the lawsuit, which plaintiff generally averred as allowed under Federal Rule of Civil Procedure 9(c).[6]    Rule 9(c) states that "[i]n pleading the

---

[5]Defendants' Motion to Dismiss, Docket Entry No. 8, pp. 5-8. Defendants cite two cases in support of their position, neither of which are applicable here.   In Macmillan, Inc. v. Federal Ins. Co., 741 F.Supp. 1079 (S.D.N.Y. 1990), the plaintiff admitted that it had not indemnified its directors and officers, arguing that indemnification was not a condition precedent to its claim.   Id. at 1082.   The court concluded that indemnification of its directors and officers was a condition precedent to the claim.   Id. at 1083. Since the plaintiff admitted that the required indemnification had not occurred, the court dismissed the claims.   Here, plaintiff makes no such admission, and instead notes that it alleged general satisfaction of all conditions precedent, meeting the requirements of Rule 9(c).

Defendants also refer the court to Farmers & Merchant Bank v. Home Ins. Co., 514 So.2d 825, 829 (Ala. 1987).   A careful reading of the case and its procedural posture reveals that it does not support defendants' argument.   The trial court in Farmers did not grant the defendants' motion for summary judgment to the extent that the plaintiff's claims were covered for reimbursement of its officers and directors.   "'[Defendant] has not denied coverage for such indemnification but has reserved its rights until the respective lawsuits are concluded.'"   Id. at 829 (quoting the trial court).   When the Alabama Supreme Court stated "[w]e agree with the trial court that the second insuring clause has no application to the instant cases, where there has been no claim of indemnification by the Bank," it was referring to the summary judgment claims that were granted by the trial court.   The court was stating that the second insuring clause was inapposite to the issues at hand on appeal, and not making any pronouncements on the sufficiency of the pleadings for indemnification.

[6]Plaintiff's Response, Docket Entry No. 9, pp. 6-7 ("[a]ll conditions precedent have been performed or have occurred.").

performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." FED. R. CIV. PRO. 9(c).  Plaintiff also attaches to its response SPC's Restated Bylaws as evidence of indemnification obligation.

To establish a cause of action for breach of an insurance contract in Texas, the plaintiff must plead (1) the existence of an insurance policy in full force and effect at the time of the loss, (2) the occurrence of loss within the coverage of the policy, and (3) the failure of the insurer to pay for the loss incurred. Southern County Mutual Ins. Co. v. Dekle, 593 S.W.2d 131 (Tex. Civ. App. -- Waco 1979, no writ); see also St. Paul Ins. Co. v. Rakkar, 838 S.W.2d 622 (Tex. App. -- Dallas 1992, no writ).

While plaintiff did comply with the federal procedural rules requirement of pleading compliance with conditions precedent, that pleading does not suffice because the requirement to indemnify its directors and officers is not a "condition precedent" under Texas law.  Under Texas law conditions precedent "are stipulations that call for the performance of some act or the occurrence of some event before an agreement is enforceable." Love of God Holiness Temple Church v. Union Standard Ins. Co., 860 S.W.2d 179, 180 (Tex. App. -- Texarkana 1993, writ denied) (citing 7 GEORGE J. COUCH, COUCH ON INSURANCE 2D §§ 35:2, 36:48 (1985)).  Examples of conditions precedent in the insurance context are giving notice of

-7-

a claim or loss, timely filing proof of loss, properly reporting the loss to authorities, filing suit within the specified time, timely forwarding of suit papers to an insurer and the like.  Id. Indemnification of plaintiff's officers is not a condition precedent to coverage, it is the type of loss covered by the Policy.

The Policy explicitly states that Carolina Casualty shall pay losses to plaintiff for claims made against its directors and officers "to the extent that the Company has indemnified the Directors or Officers."[7]   This provision appears in Coverage Section B, which is the section of the Policy providing protection to plaintiff.  The loss is only payable to the extent indemnification has occurred.   The policy language clearly anticipates plaintiff indemnifying its directors and officers as a requirement for establishing any right to payment of its "loss" under the Policy.

Plaintiff's response to defendants' motion includes as an exhibit SPC's Restated Bylaws, which state that the Corporation indemnifies its directors and officers to the fullest extent

---

[7]Plaintiff's Original Complaint, Exhibit A, Insuring Clause I (attached as Exhibit A to Defendants' Notice of Removal, Docket Entry No. 1). In considering a motion to dismiss, the court may look to the plaintiff's complaint and pleadings attached thereto. See Scanlan v. Texas A&M University, 343 F.3d 533 (5th Cir. 2003); Collins v. Morgan Stanley Dean Witter, 224 F.3d 946 (5th Cir. 2000).

permitted by the Texas Business Corporations Act upon the request of director or officer for indemnity.[8]   The Bylaws were not included in Plaintiff's Original Complaint, nor would their inclusion have established indemnification of plaintiff's directors and officers.   The bylaws are conditional:  Indemnification occurs only to the extent permitted by law, and only if requested by the directors and officers.   The existence of a conditional requirement for indemnification of its officers and directors in its Bylaws does not satisfy plaintiff's obligation to allege that indemnification has occurred is only to establish a loss covered by the Policy.   Indemnification must be specifically pleaded by the plaintiff.

## B.   Did Carolina Casualty Act in a "Fair and Proper" Manner?

Defendants argue that Carolina Casualty acted in a "fair and proper" manner, thus adhering to the terms of the Policy.   This argument rests upon a payment of $75,000 from Carolina Casualty to Westcott, as evidenced by a letter from Carolina Casualty to Westcott dated June 28, 2004 (Letter).   Defendants ask this court to incorporate by reference or judicially notice this Letter, which defendants have attached to their Motion for Dismissal.[9]

---

[8]See Plaintiff's Response to Defendants' Motion to Dismiss, Docket Entry No. 9, Exhibit A attached thereto.

[9]Defendants' Motion to Dismiss, Docket Entry No. 8, Exhibit 4 attached thereto.

Plaintiff's Original Complaint did not refer to the Letter, nor does plaintiff acquiesce in defendants' introduction of the Letter into the Rule 12(b)(6) motion, although plaintiff does include the Letter as an attachment to its response.[10]   Plaintiff objects to defendants' introduction of the Letter as outside of the pleadings.

Although a court can consider matters that a plaintiff attaches to and incorporates into its pleading when ruling on a Rule 12(b)(6) motion to dismiss, defendants ask the court to look to a document not contained in plaintiff's pleading.   Defendants cite a California district court case as persuasive authority for inclusion of the Letter in the court's Rule 12(b)(6) consideration. Verisign, Inc. v. Internet Corp., 2004 U.S. District LEXIS 17330, at *3.   In Verisign the court took judicial notice of a letter at the request of the defendant.   Verisign alleged a Sherman antitrust violation by the defendant, Internet Corporation for Assigned Names and Numbers (ICANN).   Over Verisign's objections, the court took judicial notice of ICANN's bylaws, as well as a letter by ICANN's president to Verisign, instructing Verisign to close a service it was offering to the public, which plaintiff referred to as the "Suspension Ultimatum."   Id. at 3-4.   The court explained its decision to judicially notice the Suspension Ultimatum by stating that "[t]he letter is a proper subject of judicial notice because

---

[10]See Plaintiff's Response to Defendants' Motion to Dismiss, Docket Entry No. 9, Exhibit B attached thereto.

it is referenced in the FAC [First Amended Complaint] and its authenticity is not questioned." Id. at 4.

Verisign does not support defendants' argument because the facts here are clearly distinguishable. Westcott neither referred to nor attached the Letter to its Original Complaint. While plaintiff did attach the Letter to its Response to Defendant's Motion to Dismiss, this was for the sole purpose of rebutting defendants' arguments. In addition, Verisign was applying Ninth Circuit precedent, which allows "a district court ruling on a motion to dismiss [to] . . . consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998); accord Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991).

The Fifth Circuit recognizes only one exception, incorporation by reference, to consideration of documents outside the complaint in a Rule 12(b)(6) motion. Scanlan v. Texas A&M University, 343 F.3d 533 (5th Cir. 2003). In Scanlan the court stated that consideration of documents outside of the complaint is usually restricted "to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Id. at 536. The Scanlan plaintiffs sued Texas A&M for injuries and deaths sustained during the collapse of the structure for the Texas A&M University bonfire of 1999. In the wake of the accident, the

president of Texas A&M convened a special commission to investigate the accident. The commission produced a Final Report on the accident, which the district court adopted in granting Texas A&M's Rule 12(b)(6) motion. In considering the final report, the district court had relied on <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496 (5th Cir. 2000).

The <u>Scanlan</u> court distinguished <u>Collins</u> on several grounds because (1) the Final Report was not attached to Texas A&M's motion, (2) the <u>Scanlan</u> plaintiffs objected to the incorporation by reference, and (3) the Final Report was not central to the plaintiff's claims. <u>Scanlan</u>, 343 F.3d at 537. <u>Scanlan</u> does not definitively answer the question of whether the Final Report should have been considered because it states that "[e]ven if the Final Report fell under the *Collins* exception, the district court failed to construe the plaintiffs' factual allegations in the light most favorable to plaintiffs." However, from the extensive discussion of <u>Collins</u> in <u>Scanlan</u>, and a careful reading of <u>Collins</u> itself, this court is convinced that the Letter at issue is not a proper subject for incorporation by reference under Fifth Circuit precedent. While defendants did attach the Letter to their Motion to Dismiss, plaintiff did not rely on or refer at all to the letter in its complaint, and objected to the court's consideration of the Letter in its response to Defendants' Motion to Dismiss.

Even if the court considered Fifth Circuit precedent as advancing as expansive a view as Ninth Circuit precedent, the Letter is not appropriate for consideration under Rule 12(b)(6). It is a document asserting defendants' position regarding the amounts owed (or not owed, as defendants contend in the Letter) plaintiff under the insurance policy. It advances factual assertions regarding when notice was given and how much of the costs of defense are attributable to defense of the directors and officers as opposed to the corporation. The Letter is not a document central to the claim, such as the actual insurance policy.

The court also declines to take judicial notice of the Letter. Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute when such facts are generally known within the jurisdiction of the trial court, or capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). See also Scanlan, 343 F.3d at 537. The Letter is from defendants' representative, asserting defendants' position on the adequacy of payments made under the Policy to plaintiff. As such, it is not appropriate for judicial notice.

The court therefore cannot consider the Letter without converting this motion into one for summary judgment, which it declines to do. FED. R. CIV. PRO. 12(b). Plaintiff's pleading thus suffices to meet the Rule 12(b)(6) standard with respect to this

issue.  This court notes that even were the Letter considered, it does not establish that defendants complied with the terms of the insurance contract.  Instead, it raises a question of fact, which is not appropriate for argument in the Rule 12(b)(6) context, where the court construes the facts in the light most favorable to the plaintiff.

**C.    No Bad Faith Cause of Action in Third-Party Insurance**

Plaintiff's second cause of action is breach of the duty of good faith and fair dealing.  Defendants argue that Texas law does not recognize a cause of action for bad faith in a third-party insurance contract such as the Policy.[11]  Defendants argue that Texas law recognizes only one tort duty under a third-party insurance contract, that of negligence as explained in Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

Defendants have correctly stated the law in Texas regarding the duty owed to third-party insurance beneficiaries.  In Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 53 n.2 (Tex. 1997), the

---

[11]Because plaintiff does not reference any Texas statute for its bad faith claim, and because plaintiff asserts its statutory claims in causes of action three through five, where it specifically references the Texas Insurance Code, the court considers claim III under the common law tort of bad faith, although cases interpreting statutory claims are helpful for context.  See Universe Life Ins. Co. v. Giles, 950 S.W.2d 48 (Tex. 1997) (rejecting the suggestion that section 4 of art. 21.21 preempts the common-law bad-faith tort).

Court stated, "[w]e have recognized the bad-faith tort only in the first-party insurance context." The Texas Supreme Court has rejected application of the duty of good faith to third-party insurance cases. Maryland Ins. Co. v. Head Industries Coatings and Services, Inc., 938 S.W.2d 27 (Tex. 1996). The relevant question is thus the characterization of the claim at issue as either a third-party or a first-party claim.

Defendants argue that directors' and officers' policies like the one Carolina Casualty issued to plaintiff are third-party insurance policies, but fail to cite Texas or Fifth Circuit cases directly on point. The Texas Supreme Court has defined a first-party claim as "one in which an insured seeks recovery for the insured's own loss." Universal Life Ins. Co. v. Giles, 950 S.W.2d 48, 53 n.2 (Tex. 1997). A third-party claim is one in which "an insured seeks coverage for injuries to a third party." Id.

Texas courts have not squarely addressed the issue of whether a claim under a directors' and officers' policy similar to the one at issue is a third-party or first-party claim. Texas courts have addressed, and struggled with defining insurance as first- or third-party when deciding whether to apply Texas Insurance Code art. 21.55 (now codified at TEX. INS. CODE ANN § 542.058). Under art. 21.55, qualifying "claims" are defined as "first party claims" without defining the term "first party." TEX. INS. CODE ANN. § 524.051 (formerly art. 21.55 § 1). See, e.g., Hartman v.

-15-

St. Paul Fire and Marine Ins. Co., 55 F.Supp.2d 600 (N.D. Tex. 1998); TIG Ins. Co. v. Dallas Basketball, Ltd., 129 S.W.3d 232 (Tex. App. -- Dallas 2004, pet. filed) (characterizing demand for a defense as a third-party claim under art. 21.55); compare Rx.com, Inc. v. Hartford Fire Ins. Co, 364 F.Supp.2d 609 (S.D. Tex. 2005); Housing Authority of Dallas v. Northland Ins. Co., 333 F.Supp.2d 595, 602-03 (N.D. Tex. 2004); Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P., 267 F.Supp.2d 601 (E.D. Tex. 2003); Mt. Hawley Ins. Co. v. Steve Roberts Custom Builders, Inc., 215 F.Supp.2d 783 (E.D. Tex. 2002); E&R Rubalcava Construction, Inc. v. Burlington Ins. Co., 48 F.Supp.2d 746 (N.D. Tex. 2001); Northern County Mutual Ins. Co. v. Davalos, 84 S.W.3d 314 (Tex. App. -- Corpus Christi 2002, pet. granted) (all finding that insured's claim under article 21.55 based on liability insurer's failure to defend was first-party claim).  These cases were decided with the guidance of an underlying statute, art. 21.55, now codified at § 542.058 of the Insurance Code.[12]  In Northern County Mutual Ins. Co. v. Davalos the Texas Supreme Court granted the petition for review, but declined to decide whether art. 21.55 applied to a liability insurer who fails to promptly reject or accept its insured's defense, thus leaving open the issue of policy

---

[12]Plaintiff's cause of action V appears to be asserted under § 542.058. Plaintiff's Original Petition, Exhibit A attached to Docket Entry No. 1, p. 4.

characterization in failure-to-defend cases.  <u>Davalos</u>, 140 S.W.3d 685 (Tex. 2004).

Plaintiff's citation of <u>Medical Care America v. National Union Fire Ins. Co.</u>, 341 F.3d 415 (5th Cir. 2003), while helpful, does not decide the issue.  Medical Care sued its insurer for reimbursement of monies spent indemnifying its directors and officers following the settlement of a shareholder suit.  <u>Id.</u> at 425.  The Fifth Circuit treated Medical Care's claim against its insurer as a first-party claim because "its allegation concerns the relationship between it and National Union—not between National Union and shareholders."  <u>Id.</u>  Defendants correctly point out that this sentence is dicta.  The Fifth Circuit decided that there was no bad faith, and affirmed the grant of summary judgment in favor of defendant.

The Texas Supreme Court has not decided whether claims for indemnity under a policy like the Directors and Officers Policy at issue here are third-party or first-party claims.  The bulk of the authority on the question involves duty to defend, rather than duty to indemnify, and the great weight of cases, both federal and state, define duty to defend as a first-party claim and apply art. 21.55.  <u>Accord</u> <u>Meritage Corp. v. Clarendon National Ins. Co.</u>, 2004 WL 2254215, at *6 (N.D. Tex. 2004).  In <u>Universe Life Ins. Co. v. Giles</u>, four Texas Supreme Court justices wrote a concurrence expanding on the rationale behind the court's refusal to apply the

-17-

duty of good faith to third-party claims.  <u>Giles</u>, 950 S.W.2d 48, 60
(Tex. 1997).  They noted that many courts have imposed a duty of
good faith in first-party but not third-party cases in part because
"an insurer's and an insured's interests are not aligned when the
insured is claiming on his own behalf as they are or should be in
third-party cases where insurer and insured face a common
opponent."  <u>Id.</u>  In a third-party case both the insurer and insured
have a common interest in challenging a third party's claim.  In
contrast, in first-party cases an insurer's interest in challenging
the claim directly conflicts with the insured's interests in making
the claim.

Here, the interests of plaintiff and defendants are not
aligned.  The plaintiff's indemnification of its directors and
officers is a loss to the insured.  It does not flow directly to a
third party, but rather covers the insured for monies expended. The
loss plaintiff seeks recovery for is its own, not for injuries to
a third party.  Before defendants have any initial obligation under
the Policy to indemnify plaintiff, plaintiff must in turn have
indemnified its directors and officers.  There is no adversarial
relationship of the type envisaged by the Texas Supreme Court
between plaintiff and its directors and officers, as exists in
cases where a third party sues an insured and an insurer defends
and pays any judgment.  The court therefore concludes that the
insurance coverage at issue is first party because the insurer's

duty to pay runs directly to plaintiff as the insured.  It protects the plaintiff against loss actually paid (the insured's own loss) rather than loss arising from liabilities (injuries to a third party).

**D.    Failure to Make Statutory Demand**

Defendants argue that causes of action III through V of plaintiff's petition should be dismissed for plaintiff's failure to plead compliance with the statutory requirement for notice before suit is brought.[13]  Cause of action III alleges unfair settlement practices.  The court assumes that plaintiff asserts this claim under § 541.151 of the Texas Insurance Code, which incorporates violations of the Texas Deceptive Trade Practices Act (DTPA) rather than bringing the action under § 541.060 of the Texas Insurance Code.[14]  Plaintiff includes language referring to treble damages, suggesting that plaintiff asserts cause of action III under § 17.46 of the DTPA as incorporated into § 541.151 of the Texas Insurance Code.[15]

---

[13]Defendants' Motion to Dismiss, Docket No. 8, pp. 11-12.

[14]As part of the recodification process, the Texas Legislature has moved the relevant statutes from article 21.21 of the Texas Insurance Code to Chapter 541 of the Texas Insurance Code.  SEE TEX. INS. CODE ANN. Ch. 541 & Ch. 542 (formerly codified at TEX. INS. CODE ANN. art. 21.21 (Vernon Supp. 2005)).  Several of the cases cited in this opinion refer to the previous codification.

[15]The court in Allstate restricted art. 21.21 § 16 DTPA claims asserted under the Texas Insurance Code to first-party claims.

(continued...)

-19-

Cause of action IV of Plaintiff's Original Petition alleges deceptive trade practices. In their Motion to Dismiss defendants claim difficulty in discerning whether cause of action IV alleges a violation of the Texas Insurance Code or the Texas Deceptive Trade Practices Act.[16] The court agrees that causes of action III and IV appear repetitive, but it is possible that the plaintiff asserts different statutory violations. Furthermore, since both statutes contain a notice requirement, it is unnecessary now to determine under which cause of action, DTPA or Texas Insurance Code, plaintiff asserts its claim.[17]

Finally, cause of action V alleges failure to promptly pay claims under § 542.058 of the Texas Insurance Code.[18]  In their Motion to Dismiss defendants do not raise the issue noted earlier

---

[15](...continued)
Because this court has determined that plaintiff is a first-party claimant, that limitation does not prevent plaintiff from asserting its claim. Allstate Ins. Co. v. Watson, 86 S.W.2d 145 (Tex. 1994).

[16]Defendants' Motion to Dismiss, Docket Entry No. 8, p. 11 n.6.

[17]It appears that plaintiff stated a cause of action under § 541.151 of the Texas Insurance Code (formerly article 21.21), which incorporates 17.50(a)(4) of the Texas Deceptive Trade Practices Act (DTPA). See Vail v. Texas Farm Bureau Mutual Ins. Co., 754 S.W.2d 129, 135 (Tex. 1988).

[18]Again, although plaintiff does not cite the pertinent section of the statute, plaintiff does cite a related damage statute that is referred to in TEX. INS. CODE ANN. § 542.058 (formerly codified at TEX. INS. CODE ANN. art. 21.55 § 3 (Vernon Supp. 2005)), entitled "Delay in Payment of Claims." It is then reasonable to infer that plaintiff alleges a violation of § 542.058.

in this opinion regarding the applicability of § 542.058 (former art. 21.515) to this claim.   However, since the court has determined that the claim at issue is first party, the plaintiff can assert a cause of action under the statute.

Both the Texas Insurance Code and the DTPA require plaintiff to give defendants notice.[19]   TEX. INS. CODE ANN. § 541.14; TEX. BUS. & COM. CODE ANN. § 17.505(d).   The purpose of such notice is "to discourage litigation and encourage settlements of consumer complaints."   Hines v. Hash, 843 Tex. 464, 468 (Tex. 1992) (quoting Jim Walter Homes, Inc. v. Valencia, 690 S.W.2d 239, 242 (Tex. 1985)).   Plaintiff has failed to plead proper notice as required under both statutes.

Plaintiffs argue that pleading notice is merely a condition precedent to which general pleading is sufficient.[20]   The court disagrees.   Texas law requires notice as a prerequisite to filing suit.   Without giving the requisite notice, plaintiffs have failed to state a cause of action under Texas law.

Abatement is the remedy for failure to give proper notice under both the Texas Insurance Code and the DTPA.   TEX. INS. CODE ANN. § 541.155; TEX. BUS. & COM. CODE ANN. § 17.505(d);   International

---

[19]The court presumes that plaintiff's notice will comply with the statute under which it asserts its claim.

[20]Plaintiff's Response to Defendants' Motion to Dismiss, Docket No. 9, pp. 6-7.

<u>Nickel Co., Inc. v. Trammel Crow Distribution Corp.</u>, 803 F.2d 150, 156 (5th Cir. Tex.) (noting that abatement, not dismissal, is the proper remedy for failure to satisfy the DTPA's notice requirements).

## IV.   <u>Amendment of Complaint</u>

Federal Rule of Civil Procedure 15(a) permits amendment of a pleading after a responsive pleading has been served with leave of court.  The court should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a).  Accordingly, the court **GRANTS** plaintiff leave to amend its complaint to cure the defects noted in this Memorandum Opinion and Order.  Plaintiff has 20 days from the entry of this Memorandum Opinion and Order to file an amended complaint.  Causes of action III-IV are abated until the 60th day after the date plaintiff has given the requisite statutory notice.

## V.   <u>Conclusions and Order</u>

For the foregoing reasons, Defendants' Motion to Dismiss (Docket Entry No. 8) is **GRANTED.**  Plaintiff has 20 days from the entry of this Memorandum Opinion and Order to file an amended complaint remedying the defects enumerated herein.  Plaintiff may not reassert causes of action III-V of the complaint without first complying with the notice prerequisites of Texas law.  If plaintiff

does, and if, after notice, the parties cannot resolve the case,
plaintiff may again seek leave to amend.

      **SIGNED** at Houston, Texas, on this 12th day of September, 2005.


_____
             SIM LAKE
UNITED STATES DISTRICT JUDGE